UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
STEVEN S.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                       1:23-cv-05216-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In August of 2020, Plaintiff Steven S.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on June 12, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 16). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on August 11, 2020, alleging disability beginning July 1, 2020. (T at 10, 267-73).[2]  Plaintiff's applications were denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on November 15, 2021, before ALJ Dennis G. Katz. (T at 26-51). Plaintiff appeared with an attorney and testified. (T at 31-47). The ALJ also received testimony from Andrew Vaughn, a vocational expert. (T at 47-50).

### B.    ALJ's Decision

On November 18, 2021, the ALJ issued a decision denying the applications for benefits. (T at 7-25).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 12).  The ALJ concluded that Plaintiff's asthma and degenerative disc disease of the

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

lumbar spine were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), provided he is not required to work in environments where he would be exposed to excessive amounts of respiratory irritants. (T at 15).

The ALJ concluded that Plaintiff could perform his past relevant work as a bookkeeper and financial consultant. (T at 19).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between July 1, 2020 (the alleged onset date) and November 18, 2021 (the date of the ALJ's decision). (T at 19).  On April 19, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on June 20, 2023. (Docket No. 1).  On February 16, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 16, 17).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits on April 15, 2024. (Docket No. 19).  On April 30, 2024, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 20).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is
> currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has
> a "severe impairment" which limits his or her mental or physical
> ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner
> must ask whether, based solely on medical evidence, claimant
> has an impairment listed in Appendix 1 of the regulations. If the
> claimant has one of these enumerated impairments, the
> Commissioner will automatically consider him disabled, without
> considering vocational factors such as age, education, and
> work experience.
>
> 4. If the impairment is not "listed" in the regulations, the
> Commissioner then asks whether, despite the claimant's severe
> impairment, he or she has residual functional capacity to
> perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the
> Commissioner then determines whether there is other work
> which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Second, Plaintiff challenges the ALJ's failure to perform a proper step two severity analysis with respect to his alleged mental impairments.  This Court will address each argument in turn.

### A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017.

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff's applications for benefits were filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations

presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Plaintiff argues that the ALJ failed to properly consider the assessments of a consultative examiner and two State Agency review physicians.

Dr. Julia Kaci performed a consultative examination in October of 2020. She diagnosed asthma, chronic rhinosinusitis, type 2 diabetes, hypertension, hyperthyroidism, pancreatic cysts, liver cysts, irritable bowel syndrome, kidney stones, and hyperlipidemia. (T at 543). Dr. Kaci opined that Plaintiff needed to avoid respiratory irritants and had moderate limitation as to bending, lifting, and carrying. (T at 543).

In January of 2021, Dr. A. Periakaruppan, a non-examining State Agency review physician, opined that Plaintiff could occasionally lift/carry up to 20 pounds; frequently lift/carry up to 10 pounds; stand, walk, and sit for about 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and needed to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (T at 69-71).

In May of 2021, Dr. M. Vazquez Gonzalez, another non-examining State Agency review physician, made similar findings, but also found Plaintiff precluded from overhead lifting on his right side and limited to occasional overhead lifting on his left side. (T at 101).

The ALJ found the opinions of the State Agency review consultants generally consistent with the record but considered the overhead lifting restrictions insufficiently supported by the record. (T at 18).  The ALJ determined that Dr. Kaci's opinion was "somewhat persuasive" and "somewhat consistent" with the record. (T at 18-19).

In sum, the ALJ read the record, including the medical opinion evidence, as consistent with Plaintiff retaining the RFC to perform the full range of light work, provided he was not exposed to excessive amounts of respiratory irritants. (T at 15).

Plaintiff's argument centers primarily on two aspects of the RFC determination.  First, Plaintiff asserts that the ALJ erred by failing to include any limitation with respect to overhead lifting, notwithstanding Dr. Kaci's assessment of moderate limitation as to lifting and Dr. Vazquez Gonzalez's conclusion that Plaintiff was precluded from overhead lifting on the right and limited to occasional overhead lifting on the left.  Second, Plaintiff

contends that the RFC determination does not adequately account for his need to avoid respiratory irritants.

For the reasons that follow the Court concludes that the ALJ's consideration of the medical opinion evidence and RFC determination are supported by substantial evidence and are consistent with applicable law.

First, ALJ reasonably read the record as consistent with the ability to meet the lifting demands of light work.

Although an April 2021 x-ray of the lumbosacral spine showed degenerative changes (T at 750), the ALJ cited treatment notes documenting generally unremarkable clinical findings, including normal musculoskeletal examinations (T at 446, 582, 603, 766), normal gait (T at 541, 582, 603, 609, 614), along with normal fine motor skills, coordination, sensory functioning, and motor functioning (T at 446, 609, 614-15).

In addition, the ALJ reasonably concluded that while Plaintiff's asthma caused some symptoms, an April 2021 pulmonary function test showed only mild obstruction and small airways disease (T at 17, 571) and the record evidenced that the condition was generally well-controlled with treatment. (T at 17, 438, 446, 451, 466, 473, 576, 582, 596, 603, 609).

Further, the ALJ gave appropriate consideration to Plaintiff's activities of daily living, which included light household chores, driving, cooking, shopping, and childcare. (T at 16, 40, 44, 324-31, 541, 757).

Regarding the medical opinion evidence, as a threshold matter, the assessments of Dr. Kaci, Dr. Periakaruppan, and Dr. Vazquez Gonzalez are generally consistent with the ALJ's RFC determination.

To the extent the physicians opined that Plaintiff needed to avoid respiratory irritants, the ALJ adequately accounted for this restriction by limiting Plaintiff to work that did not require exposure to excessive amounts of respiratory irritants. (T at 15). *See, e.g., Paul W. H. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6858 (WBC), 2022 WL 1913281, at *5 (W.D.N.Y. June 3, 2022)(ALJ reasonably concluded that claimant could occasionally tolerate environmental irritants based on medical opinion evidence and claimant's activities of daily living); *Christine Lee S. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1008 (CFH), 2022 WL 103108, at *11 (N.D.N.Y. Jan. 11, 2022); *see generally Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law).

To the extent the opinions of Dr. Kaci and Dr. Vazquez Gonzalez indicated a greater degree of restriction as to lifting, the ALJ's conclusion that Plaintiff retained the ability to meet the lifting demands of light work is supported by substantial evidence, including a reasonable reading of the treatment record and appropriate consideration of the activities of daily living, as outlined above. *See Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.")(emphasis in original) (citation and internal quotation marks omitted); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Notably, courts in this Circuit have generally found that moderate lifting limitations do not preclude a claimant from performing light work. *See Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)("[A] number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work.")(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6

(S.D.N.Y. July 29, 2022); *Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at \*5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work.").

Accordingly, for these reasons the Court finds no error in the ALJ's assessment of the medical opinion evidence and finds that the ALJ's RFC determination is supported by substantial evidence.

B.    *Severity Step Two*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at \*16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y.1995).

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).  The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).  To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indicate more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

"An ALJ's decision at step two that an impairment is not severe must be 'supported by 'substantial evidence' in the record as a whole.'" *Garcia v.*

*Comm'r of Soc. Sec.*, No. 20CIV7539PAESLC, 2022 WL 1051134, at *15 (S.D.N.Y. Jan. 31, 2022)(citations omitted).  However, "[i]t is the claimant's burden to show at step two that she has a severe impairment." *Rye v. Colvin*, No. 2:14-CV-170, 2016 WL 632242, at *3 (D. Vt. Feb. 17, 2016) (internal quotation omitted). "A step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *2–3 (W.D.N.Y. Aug. 7, 2018), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019).

In the present case, Plaintiff alleges that he has Attention Deficit Hyperactivity Disorder (ADHD), which adversely affects his ability to meet the mental demands of basic work activity.  The ALJ recognized this claim, discussed the evidence regarding Plaintiff's mental functioning, and concluded that Plaintiff did not have any mental impairments significant enough to interfere with his ability to function on a daily basis. (T at 13-14).

Although Plaintiff points out that the ALJ did not precisely apply the special technique at step two of the sequential evaluation the reason the ALJ did not do so is because the ALJ did not believe Plaintiff had any medically determinable mental impairments.

"Only medically determinable impairments can be found severe." *Jeremy H. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1277 (WBC), 2021 WL 5180167, at *3 (W.D.N.Y. Nov. 8, 2021).  As such, if there are no medically determinable impairments, the ALJ is not required to perform the step two analysis. *See id.; see also Rodriguez v. Comm'r of Soc. Sec.*, No. 19CV4553LJLKNF, 2020 WL 5803802, at *8 (S.D.N.Y. May 27, 2020), *report and recommendation adopted,* No. 19-CV-4553 (LJL), 2020 WL 5802999 (S.D.N.Y. Sept. 29, 2020).

Here, substantial evidence supports the conclusion that Plaintiff does not have a medically determinable mental impairment.

For starters the record does not document any treatment from a psychologist or psychiatrist. (T at 13).  Dr. Melissa Antiaris performed a consultative psychiatric evaluation in June of 2021.  She noted "some cognitive concerns," but found that Plaintiff had no psychiatric diagnosis. (T at 758).  Dr. Sherer, a non-examining State Agency review physician, opined that Plaintiff had no medically determinable mental impairments. (T at 97, 115).

Moreover, even assuming *arguendo* that Plaintiff did have a medically determinable mental impairment, any error in the ALJ's failure to expressly apply the special technique is harmless.  Substantial evidence supports the

conclusion that Plaintiff's cognitive and attention issues do not significantly limit his ability to meet the mental demands of basic work activity.

On clinical examination, Plaintiff consistently demonstrated appropriate mood and affect (T at 438, 446, 451, 459, 466, 473, 582, 596, 603, 622, 760, 767), along with normal attention and concentration (T at 609, 615).  Plaintiff was able to engage in a wide range of activities, including attending to personal care, performing light chores, managing his finances, and shopping. (T at 40, 44, 342-31, 541, 757).

Dr. Antiaris, the consultative psychological evaluator, found no diagnosable psychological impairments, opined that Plaintiff had only mild limitations in sustaining concentration and performing a task at a consistent pace, and concluded that her examination "appear[ed] to be consistent with some cognitive concerns," but found no indication of limitations "significant enough to interfere with [Plaintiff's] ability to function on a daily basis." (T at 757-58).  As noted above, Dr. Sherer, a non-examining State Agency review physician, opined that Plaintiff had no medically determinable mental impairments. (T at 97, 115).

The Court finds no error in the ALJ's assessment of Plaintiff's claim of work-related mental impairments and finds substantial evidence supporting

the conclusion that Plaintiff can meet the mental demands of basic work-related activity without limitation.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: July 11, 2024                    *s / Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge